IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD TAYLOR,

**Plaintiff,**

v.

WINTERS et al.,

**Defendants.**                                               No. 09-164-DRH

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

On April 13, 2010, Magistrate Judge Frazier issue a notice of impending dismissal, warning Plaintiff that if he did not file a signed pleading by April 30, 2010 his action would be dismissed (Doc. 21). Plaintiff's original Complaint was unsigned and Judge Frazier had previously notified Plaintiff of the error and gave him thirty (30) days in which to correct the error (Doc. 15). Plaintiff failed to make the correction and his original Complaint was then stricken on motion of the Defendants (Doc. 20). Plaintiff was later Ordered to file a signed pleading by April 30, 2010 or face dismissal of his claims (Doc. 21). As of the date of this Order, no such filing has been made by Plaintiff. The Court therefore dismisses Plaintiff's cause of action for failure to prosecute.

A district court has inherent power to dismiss *sua sponte* an action for failure to prosecute under **FEDERAL RULE OF CIVIL PROCEDURE 41(b)** as part of its authority to control its docket "to achieve the orderly and expeditious disposition of cases." ***James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (quoting**

*Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386 (1962)); *see also Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). Here, Plaintiff has failed to file a signed pleading after repeated Orders from this Court to do so and after having his original Complaint stricken. Thus, the Court hereby **DISMISSES without prejudice** Plaintiff's cause of action against Defendants for want of prosecution. The Court to close the file.

**IT IS SO ORDERED.**

Signed this 5th day of May, 2010.

/s/  David R. Herndon
**Chief Judge**
**United States District Court**